1540.000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. SHALES, JOHN PAVLAK, and TAMARA L. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL UNION NO. 330, DOMINIC ROMANAZZI, SAM CAMPUS, JIM HICKEY, JIM OLSZEWSKI, TIM BARKEI, ROY McCASLIN, SERETHA HOLLINGSWORTH, WILLIAM MOORE, and JAMES P. HOFFA,<br><br>Defendants. | No.  04 C 8358<br><br>Hon. George W. Lindberg<br>Magistrate Judge Keys |

## DEFENDANTS' JOINT PETITION FOR ENTRY OF JUDGMENT AWARD OF ATTORNEYS' FEES AND COSTS

NOW COME the Defendants, General Chauffeurs, Salesdrivers & Helpers Local Union No. 330, Dominic Romanazzi, Sam Campus, Tim Barkei, Jim Hickey, Roy McCaslin, Jim Olszewski and Sertha Hollingsworth (hereinafter collectively "Defendants"), jointly by and through their attorneys, EklWilliams PLLC, and respectfully petition this Court for an entry of a judgment award of attorneys' fees and costs in the total amount of $197,731.34 against attorney, James Gordon Banks, individually, and Romero & Banks, an Illinois Partnership, jointly and severally, as sanctions pursuant to this Court's March 26, 2007, Memorandum Opinion and Order, in support whereof, Defendants state as follows:

1. On July 26, 2006, the Defendants filed their Amended Motion for Rule 11 and §1927 Sanctions related to itemized instances of misconduct on the part of the Plaintiffs and their attorneys. On February 12, 2007, Magistrate Judge Arlander Keys filed his report and recommendations concerning said motion, granting in part and denying in part the Defendants' Amended Motion.

2. Thereafter, on March 26, 2007, this Honorable Court entered its Memorandum Opinion and Order accepting Judge Keys' report and recommendations (with a modification related to a formal admonishment of Michael Leonard), directing that the Defendants be awarded attorneys' fees and costs related to the following: (1) in defense of the Intentional Infliction of Emotional Distress claim filed by James Gordon Banks on behalf of Plaintiff, Tammy Smith; (2) in defense of the Conspiracy and RICO claims filed by James Gordon Banks on behalf of the Plaintiffs, Tammy Smith, James Shales and John Pavlak, against all of the individual Defendants; (3) in response to the allegations in the October 3, 2006, affidavit filed by James Gordon Banks.

3. In assessing a fees petition for sanctions, the Court should consider the number of hours reasonably expended related to the sanctionable conduct multiplied by a reasonable hourly wage. Hensley v. Eckerhart, 461 U.S. 424, 433-35 (1983). This is known as the "lodestar" method. Id. The party seeking attorneys' fees has the burden of establishing that the fees sought are reasonable, and should submit evidence supporting the hours worked and the rates claimed. Id, at 433, 437. However, the Court should not "eyeball" a fee request or "cut it down by an arbitrary percentage because it seem[s] excessive to the court." People Who Care v. Rockford Board of Education School Dist. No. 205, 90 F.3d 1307, 1314 (7th Cir., 1996) *quoting* Spellan v. Bd. of Educ. for Dist. 111, 59 F.3d 642, 647 (7th Cir.1995). Rather, the Court should accept the fee request if reasonably documented, even if the hours worked are "block billed." Farfaras v. Citizens Bank and

Trust of Chicago, 433 558, 569 (7th Cir., 2006) (block billing is not a prohibited practice).

4. Furthermore, an attorney's reasonable rate is the rate the attorney commands in the market, or the market rate. People Who Care, 90 F.3d 1307, 1310 (7th Cir.1996) (the burden is on fee applicant to establish market rate). "[T]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." Id. Additional evidence of market rate includes fees awarded to the attorney in similar cases, or "affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work." Spegon v. The Catholic Bishop of Chicago, 175 F.3d 544, 556 (7th Cir.1999). "Once an attorney provides evidence of his billing rate, the burden is upon the non-movant to present evidence establishing a good reason why a lower rate is essential." People Who Care, 90 F.3d 1307, 1313 (7th Cir.1996) *quoting* Gusman v. Unisys Corp., 986 F.2d 1146, 1151 (7th Cir.1993).

5. In addition to those matters the Court has found sanctionable entitling the defendants to attorneys' fees and costs, Rule 11 also allows the Court to award the party prevailing on a Rule 11 motion the reasonable expenses (including attorneys' fees) incurred in presenting the motion. Federal Rule of Civil Procedure 11(c)(1)(A). Also, an award of fees following a motion filed under Rule 11(c)(1)(A) is not only enforceable against the attorney responsible for the actual conduct; that attorney's firm, partners, associates and employees are also jointly responsible to satisfy the award, absent exceptional circumstances. Id. As no such exceptional circumstances exist, the firm of Romero & Banks, and its partners, should be jointly responsible.

6. Attached hereto as Exhibit A and Exhibit B are the itemized totals for fees and costs, respectively, reasonably and necessarily incurred by the Defendants that are contemplated by the Court's March 26, 2007 Memorandum Opinion and Order and by Rule 11. The total of attorneys'

fees sought in Exhibit A is $188,298.75; the total of costs sought in Exhibit B is $9,432.59. The Affidavits of the respective billing attorneys are attached hereto as Exhibit C, in support of their claimed rates.

WHEREFORE, the Defendants, General Chauffeurs, Salesdrivers & Helpers Local Union No. 330, Dominic Romanazzi, Sam Campus, Tim Barkei, Jim Hickey, Roy McCaslin, Jim Olszewski and Sertha Hollingsworth, respectfully pray this Honorable Court to award $197,731.34 as sanctions for the reasonable attorneys' fees and costs expended related to the Plaintiffs' attorney's sanctionable conduct, including those reasonable fees and costs related to presenting the Motion for Sanctions, jointly against attorney James Gordon Banks, and his firm Romero & Banks, and his partner, Robert M. Romero.

Respectfully submitted by:

By: **s/ Patrick L. Provenzale**
Attorneys for Defendants

Terry A. Ekl
Patrick L. Provenzale
EKL WILLIAMS PLLC
115 West 55th Street, Suite 400
Clarendon Hills, IL 60514
(630) 654-0045
(630) 654-0150 *Facsimile*
ARDC# 6225879
pprovenzale@eklwilliams.com