IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES D. SHALES, JOHN PAVLAK, and TAMARA L. SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | 04 C 8358 |
| v. | ) ) | Judge George W. Lindberg |
| GENERAL CHAUFFEURS, SALESDRIVERS AND HELPERS LOCAL UNION NO. 330, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 26, 2007, this court granted in part and denied in part defendants' joint motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. The court imposed sanctions against plaintiffs' counsel, James Gordon Banks, for: (1) pursuing plaintiffs' civil conspiracy and RICO claims after discovery closed; (2) filing and pursuing Smith's intentional infliction of emotional distress claim; and (3) filing an affidavit that unreasonably multiplied the sanctions proceedings. Defendants General Chauffeurs, Salesdrivers & Helpers Local Union No. 330, Romanazzi, Campus, Barkei, Hickey, McCaslin, Olszewski, and Hollingsworth (collectively "the Local 330 defendants") filed a joint petition for entry of a judgment award of attorneys' fees and costs, seeking $197,731.34. Defendants Hoffa and Moore filed two petitions for attorneys' fees, seeking a total of $31,167.39.

The court has broad discretion to set a sanctions award that serves the deterrent purpose of Rule 11. Divane v. Krull Elec. Co., 319 F.3d 307, 314 (7th Cir. 2003). Where a court awards attorneys' fees as a sanction under Rule 11, "it has an obligation to award only those fees which directly resulted from the sanctionable conduct." Id. The court determines the amount of

attorneys' fees to award by calculating the lodestar amount (the number of hours reasonably expended, multiplied by a reasonable hourly rate), then reducing or increasing that amount as appropriate, given the circumstances of the case. See Hensley v. Eckerhart, 461 U.S. 424, 430 n.3, 433 (1983). The court need not perform a line-by-line review of a fee petition. See Divane, 319 F.3d at 317. The party seeking the fee award bears the burden of showing the reasonableness of the fees it seeks. See Hensley, 461 U.S. at 433; Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999).

Banks devotes much of his response to defendants' petitions to rearguing this court's decision to impose sanctions on him. The time for raising these objections has passed, and the court declines to reconsider its decision.

The court turns to Banks' arguments that do address the fee petitions. Banks argues in a general fashion that the time records defendants have submitted in support of their fee petitions fail to adequately separate the time claimed for work done relating to the sanctioned conduct from work done on the rest of the case. Banks objects to no specific time entries.

In this case, the civil conspiracy, RICO, and intentional infliction of emotional distress claims on which sanctions were imposed are interrelated with claims on which sanctions were not imposed, making it a difficult task to pinpoint what time was spent on what claims. Given this interrelatedness and the broad nature of Banks' objection, the court will not deny defendants' petitions on this basis. See Divane, 319 F.3d at 317. However, the court will reduce the claimed fees to the extent that they were incurred doing work on claims on which sanctions were not imposed.

The court starts with defendants' claims for fees incurred defending against plaintiffs'

2

civil conspiracy and RICO claims after the close of discovery. Discovery closed on November 30, 2005. Since the court entered summary judgment on these claims in defendants' favor on March 24, 2006, the last fees and costs relating to these claims were incurred by defendants on February 22, 2006, when the individual union defendants filed their reply briefs in support of their summary judgment motions, and Local 330 filed a motion to strike.

Gary Witlen, in-house counsel for the International Brotherhood of Teamsters, acted as lead counsel for defendants Moore and Hoffa. Witlen claims to have spent a total of 61.25 hours working on this case between December 1, 2005 and February 22, 2006. Because Witlen did not distinguish in his time records between time spent working on the civil conspiracy and RICO claims, and the other claims brought against Moore and Hoffa, he suggests reducing the total time he spent in proportion to the portion of the briefs devoted to claims other than the civil conspiracy and RICO claims.[1] These reductions would result in a total of 47.95 hours. Witlen does not have an established billing rate, but calculated his initial fee estimate in the sanctions motion by using a rate of $320.00 per hour, which was the rate approved in an award to Shales' counsel in an earlier case brought by Shales against the Teamsters. Banks does not object to the reasonableness of this rate. The court finds that Witlen has appropriately reduced his time to reflect only time spent on the sanctioned claims, and awards him $15,344.00 for work done on the civil conspiracy and RICO claims.

Attorneys with the firm Asher, Gittler, Greenfield & D'Alba, Ltd. ("the Asher firm")

---

[1] For example, Witlen would reduce the total time spent on Moore's opening brief by half, since he devoted half of that brief to a discussion of issues other than the civil conspiracy and RICO claims. He would reduce the total time spent on Hoffa's opening brief by 1/15, since he devoted one page out of fifteen to a discussion of other issues.

acted as local counsel for Moore and Hoffa. These attorneys claim to have spent 22 hours working on this case between December 1, 2005 and February 22, 2006, at a rate of $195.00 per hour, for a total of $4,290.00. Banks does not object to the reasonableness of this rate.

The Asher firm's attorneys state that they are unable to separate the work they performed on the civil conspiracy and RICO claims from the work performed on the other claims plaintiffs brought against Moore and Hoffa. Using Witlen's calculation method as a starting point, the court reduces half of the Asher firm's claimed fees by half, to reflect the amount of time spent on sanctioned claims in Moore's opening brief argument. The court reduces the remaining half of the claimed fees by 1/15, to reflect the amount of time spent on sanctioned claims in Hoffa's opening brief argument. After these reductions, the total fees awarded to the Asher firm relating to work done on the RICO and civil conspiracy claims after the close of discovery are $3,074.50.

The Local 330 defendants were represented by attorneys with the firms Ekl Williams PLLC and Arnold & Kadjan. Attorney Patrick Provenzale, of the firm Ekl Williams, claims to have spent 98 hours working on the RICO, civil conspiracy, and intentional infliction of emotional distress claims between December 1, 2005, and February 22, 2006, at a rate of $175.00 per hour.[2] Attorney John Toomey, of the firm Arnold & Kadjan, claims to have spent 202.75 hours working on this case between December 1, 2005 and February 22, 2006, at a rate of $185.00 per hour.[3] Banks does not object to the reasonableness of these rates. The amount for

---

[2] Although other Ekl Williams attorneys also worked on this case, the firm did not provide information regarding their experience levels. Since the court has no basis for determining the reasonableness of these attorneys' billing rates, the court disregards time worked by these attorneys.

[3] Arnold & Kadjan does not adequately identify other attorneys who completed work on this case, and accordingly the court disregards their time.

Provenzale's time totals $17,150.00, and the amount for Toomey's time totals $37,508.75.

None of the Local 330 defendants' attorneys have separated the work they performed on the civil conspiracy and RICO claims from work performed on plaintiffs' other claims. Since defendants' work on these claims following the close of discovery related largely, if not wholly, to briefing their summary judgment motions, the court will reduce the claimed amounts in proportion to the portion of these parties' briefs that discussed claims other than the civil conspiracy and RICO claims. Ekl Williams devoted three of the eight pages of argument in the individual union defendants' opening brief to claims other than the civil conspiracy and RICO claims; the court reduces their claimed amount by 3/8, and awards that firm $10,718.75. Arnold & Kadjan devoted ten of the thirteen pages of argument in Local 330's opening brief to claims other than the civil conspiracy and RICO claims; the court reduces Arnold & Kadjan's claimed amount by 10/13, and awards that firm $8,655.87.

The court finds that none of the defendants has adequately shown their costs incurred specifically in defending against the civil conspiracy and RICO claims after the close of discovery. No costs are assessed relating to these claims.

The court next turns to defendants' claims for fees and costs relating to Smith's intentional infliction of emotional distress claim. This court imposed sanctions on Banks for filing Smith's intentional infliction of emotional distress claim, and continuing to pursue that claim. Banks first brought Smith's intentional infliction of emotional distress claim against Romanazzi and Local 330 in the first amended complaint, which was filed on May 26, 2005. This court entered summary judgment on this claim in defendants' favor on March 24, 2006. As with the RICO and civil conspiracy claims, defendants incurred the last fees relating to the

intentional infliction of emotional distress claim on February 22, 2006.

Provenzale (Ekl Williams) claims to have spent 73 hours working on Smith's intentional infliction of emotional distress claim, along with the RICO and civil conspiracy claims, at a rate of $175.00 per hour. Toomey (Arnold & Kadjan) claims to have spent 481.75 hours working on this case between May 26, 2005 and February 22, 2006, at a rate of $185.00 per hour. The amount of fees for Provenzale's time totals $12,775.00, and the amount of fees for Toomey's time totals $89,123.75.

Neither Ekl Williams nor Arnold & Kadjan has separated the time they claim to have worked on Smith's intentional infliction of emotional distress claim from the time they worked on the other claims. Since Smith's intentional infliction of emotional distress claim was one of twelve brought in this case, the court will award 1/12 of the fees claimed, or $1,064.58 for Ekl Williams' work, and $7,426.98 for Arnold & Kadjan's work.

The court finds that neither Ekl Williams nor Arnold & Kadjan has adequately shown that the costs it claims to have incurred related to defending against Smith's intentional infliction of emotional distress claim. No costs are awarded relating to this claim.

The court next reviews the fees defendants claim to have incurred relating to the sanctions proceedings. The court imposed sanctions against Banks for filing an affidavit during the sanctions proceedings before Magistrate Judge Keys that unreasonably multiplied those proceedings. In addition, the court finds that under the circumstances, an award of defendants' reasonable attorneys' fees incurred in prosecuting their sanctions motion is warranted. See Fed. R. Civ. P. 11(c)(2); 28 U.S.C. § 1927.

Witlen claims to have worked 4.75 hours relating to the sanctions proceedings, in his

6

capacity as lead counsel for Hoffa and Moore. Applying a rate of $320.00 per hour to Witlen's time, the court awards fees relating to the sanctions proceedings to Witlen in the amount of $1,520.00.

The Asher firm does not separate the time it claims to have spent as a result of bringing the sanctions motion from its other work on the case. Entries in the Asher firm's time records that specifically reference the sanctions proceedings indicate that these attorneys spent 6.75 hours as a result of the sanctions proceedings, at a rate of $195.00 per hour. The court awards fees relating to the sanctions proceedings to the Asher firm in the amount of $1,316.25.

Although Ekl Williams separately lists "fees related to affidavit of J. Gordon Banks" in its time records, some of the entries in that list do not appear to be related to the sanctions proceedings. The court has reviewed this list, and finds that Provenzale worked 12.75 hours at a rate of $175.00 per hour, and worked an additional 116 hours at a rate of $225.00 per hour, relating to the sanctions proceedings. The court awards fees relating to the sanctions proceedings to Ekl Williams in the amount of $28,331.25. The court denies Ekl Williams's request, made in its reply brief in support of its fee petition, to assess fees and costs incurred during the citation proceedings to discover Banks' assets.

Arnold & Kadjan has not separated the time it claims to have worked prosecuting the sanctions motion from its other work on the case. The court has reviewed the firm's time records for entries relating to the sanctions proceedings, and determines that Toomey worked 10 hours at a rate of $185.00 per hour relating to those proceedings. The court awards fees relating to the sanctions proceedings to Arnold & Kadjan in the amount of $1,850.00.

The court finds that none of the defendants has adequately identified their costs incurred

in prosecuting the sanctions motion. No costs relating to the sanctions proceedings are awarded.

The court calculates the total fees related to Banks' sanctionable conduct to be $79,302.18. The court finds that this amount is reasonable, and is sufficient and appropriate to deter repetition of such conduct.

Banks urges the court to decrease the fee award because he lacks the ability to pay it. In support of this claim, Banks has submitted an unsigned and unsworn "affidavit," in which he states: "My personal worth and assets includes [sic] a meager IRA account, containing approximately $2,000.00, my watch, my personal clothing and my wedding band." Banks claims that he owns no real estate and does not own an automobile. Banks provides no substantiation of these claims. The court finds that Banks has not provided adequate evidence of his inability to pay the sanctions. See Johnson v. A.W. Chesterton Co., 18 F.3d 1362, 1366 (7th Cir. 1994) (noting that the sanctioned party bears the burden of showing that he is unable to pay a sanctions award).

Finally, the court considers defendants' request that the court hold Banks' law firm, Romero & Banks, jointly responsible for the sanctions award. Rule 11 states that "[a]bsent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees." Fed. R. Civ. P. 11(c)(1)(A). Romero & Banks argues that it was dissolved in February 2006, before defendants served their Rule 11 safe harbor notice on Banks, and that the firm accordingly should not be held liable for Banks' actions. In support of its claim that it was dissolved in February 2006, Romero & Banks offers only an April 17, 2007 filing by Banks in Vazquez v. Central States Joint Board, No. 04 C 1798, in which Banks stated that the firm had dissolved in February 2006. The court finds this statement by

Banks decidedly unconvincing, as Banks continued to file documents in this case over the name of Romero & Banks as late as April 27, 2007.  See Plaintiffs' Response to Local 330's Motion for Leave to File Reply Memorandum, Docket Entry No. 378.  In addition, on April 16, 2007, Banks filed a motion for extension of time in this case, in which he attached as an exhibit an April 12, 2007 letter he wrote on Romero & Banks letterhead.  See Plaintiffs' Unopposed Motion for Finding that Pleadings in Response to Defendants' Motion for Summary Judgment Were Timely Filed, Ex. A, Docket Entry No. 346.  Romero & Banks has failed to show that exceptional circumstances exist that warrant relieving it of its responsibility for Banks' actions.

**ORDERED:** The court sua sponte reconsiders its May 1, 2007 order [383] denying Romero & Banks' motion to intervene and object to monetary sanctions [366]. Romero & Banks' motion to intervene [366] is granted, and Romero & Banks' objections and supporting exhibits [368-376] are filed in the docket. The objections [368] are overruled. Defendants Hoffa and Moore's petition for attorney fees incurred by Gary S. Witlen [348] is granted. Witlen is awarded $16,864.00. Defendants Hoffa and Moore's petition for attorney fees incurred by the law firm of Asher, Gittler, Greenfield & D'Alba, Ltd. [349] is granted in part and denied in part. Asher, Gittler, Greenfield & D'Alba, Ltd. is awarded $4,390.75. Defendants Local Union 330, Romanazzi, Campus, Barkei, Hickey, McCaslin, Olszewski, and Hollingsworth's joint petition for entry of attorneys' fees and costs incurred by the law firms of Ekl Williams PLLC and Arnold & Kadjan [351] is granted in part and denied in part. Ekl Williams PLLC is awarded $40,114.58. Arnold & Kadjan is awarded $17,932.85.

ENTER:

_George W. Lindberg_
George W. Lindberg
Senior U.S. District Judge

DATED: 8/6/07